IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHARLES FRANK, \*

    Plaintiff, \*

v.                    \*    CIVIL NO.: WDQ-06-1083

HOME DEPOT, U.S.A., INC., \*

    Defendant. \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Charles Frank, a former employee of Home Depot, U.S.A., Inc., sued his former employer for breach of contract and defamation related to his termination and certain statements made by a Home Depot employee to Frank's potential future employer, Lowe's Home Improvement ("Lowe's").

Pending are Home Depot's motion for summary judgment and Frank's motion to dismiss the motion for summary judgment.  For the reasons discussed below Frank's motion will be treated as a response to Home Depot's motion, and the Home Depot motion for summary judgment will be granted.

I.    Background

In March 1997, Frank began employment at Home Depot as a sales associate.  Am. Compl. ¶ 5.  On March 17, 2003, Frank drove a forklift into a display of nails and damaged two bags of sand.

Mem. Supp. Mot. Ex. 6 (March 18, 2003 Discipline Notice). On March 25, 2003, Home Depot terminated Frank because he falsely stated that he had been properly licensed to operate the forklift when his license had expired. Mem. Supp. Mot. Ex. 7 (March 25, 2003 Discipline Notice). In September 2003, Frank applied for a job at Lowe's. Am. Compl. ¶ 25. Lowe's allegedly failed to hire him because of defamatory statements made by a Home Depot employee to someone at Lowe's. *Id*. ¶ 26.

On August 10, 2004, Frank filed suit, *pro se*, against Home Depot in this Court for retaliatory and discriminatory discharge in violation of Title VII of the Civil Rights Act of 1964 and wrongful discharge in violation of Maryland law ("*Frank I*"). *Frank v. Home Depot*, No. WDQ-04-2611, at 1-2 (D. Md. Jan. 7, 2005). On January 7, 2005, this Court dismissed Frank's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id*.

On March 22, 2006, Frank filed the instant suit alleging breach of contract and wrongful discharge against Home Depot in the Circuit Court for Anne Arundel County, Maryland ("*Frank II*"). On April 29, 2006, Home Depot filed a notice of removal. On May 4, 2006, the Court dismissed the complaint without prejudice. On May 25, 2006, Frank filed an amended complaint, restating the breach of contract claim and adding a defamation claim.

In 1997, Frank's application for employment with Home Depot stated:

> Should I become an employee of the Home Depot, I understand that my employment will be for no definite term, such that I will enjoy the right to terminate my employment at any time, at my convenience, with or without cause or reason. I further understand that The Home Depot will have the same right. This status can only be modified if such modification is in writing and signed by both me and the President of the Company.

Mem. Supp. Mot. Ex. 2 (Application for Employment). Moreover, Frank received an employee handbook which contained a paragraph titled "Employment At Will Policy" that stated:

> As an associate of Home Depot, your employment is guaranteed for no set definite term, and you have the right to terminate your employment at any time, at your convenience, with or without cause or reason. Understand that Home Depot also has this right. This status can only be modified if the modification is in writing and signed by both you and the President of the company.

*Id.*

II. Analysis

Home Depot moved for summary judgment on Frank's breach of contract claim, arguing that: (1) it is barred by *res judicata*; and (2) no contract existed as he was an at-will employee. In addition, Home Depot argues that Frank's defamation claim is barred by: (1) the applicable statute of limitations; and (2) statutory and common law privilege. Frank counters that: (1) *res judicata* is inapplicable because the earlier case between the two parties was sufficiently different; (2) the relationship between the parties was unconscionable; and (3) the statute of limitations was not violated.

3

Ordinarily, under Local Rule 105.2(a) motions practice includes a motion, a subsequent opposition, and a reply. *Id*. Although, a surreply may be filed, "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted[.]" *Id*.

Here, there are four filings and two are labeled as motions. First, Home Depot filed a motion for summary judgment (Paper No. 22). Then, Frank filed a motion to dismiss Home Depot's motion for summary judgment (Paper No. 28). Home Depot then filed a response in opposition to Frank's motion to dismiss and reply in support of its motion for summary judgment (Paper No. 30). Finally, Frank filed a reply in support of his motion to dismiss (Paper No. 31).

Motions are not dismissed; they may be denied or stricken. Frank's motion to dismiss Home Depot's motion for summary judgment requests, *inter alia*, that the Court: (1) deny Home Depot's motion; and (2) dismiss Home Depot's motion. Accordingly, the Court will treat Paper No. 28 as an opposition to Home Depot's motion for summary judgment. Paper No. 30 will be treated as a reply in support of the motion for summary judgment, and Paper No. 31 will be treated as a surreply that will not be considered by the Court.

A.   Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is

4

entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The opposing party, however, must produce evidence upon which a reasonable fact finder could rely.  *Celotex*, 477 U.S. at 317.  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

B.   Breach of Contract

Frank argues that he entered into an employment contract with Home Depot in 1997 and that Home Depot breached this contract in terminating him in March 2003.  Home Depot argues that this claim is barred by *res judicata* and that Frank was an at-will employee without an employment contract.

The Supreme Court has stated that:

> [T]he doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy . . . not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.  The final judgment puts an end to the cause of

5

>action, which cannot again be brought into litigation between the parties upon any ground whatever.

*Nevada v. U.S.*, 463 U.S. 110, 129-30 (1983) (citations omitted). "Courts presume that a litigant has done his legal and factual homework and raised all grounds arising out of the same factual context to support his claims." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989).

*Res judicata* applies when there is: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Pueschel v. U.S.*, 369 F.3d 345, 354-55 (4th Cir. 2004).

To assess the first element, the Court addresses the effect of the dismissal in *Frank I*. "Unless the court in its order for dismissal otherwise specifies," a dismissal under: (1) Rule 41(b) "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court," and (2) "any dismissal not provided for in [Rule 41], other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). As Rule 12(b)(6) is a dismissal not provided for in Rule 41(b) and is not for lack of jurisdiction, improper venue, or failure to join a party, the dismissal of *Frank I* under Rule 12(b)(6) for failure to state a claim operates

as an adjudication upon the merits.  *See Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000) (stating that under Rule 41(b) a dismissal under Rule 12(b)(6) is a final judgment on the merits for purposes of *res judicata*).

The second element of *res judicata* requires "[t]he determination of whether two suits arise out of the same cause of action[;]" that determination "does not turn on whether the claims asserted are identical."  *Pueschel*, 369 F.3d at 355.  Instead, "it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts."  *Id*. (citations omitted).  In *Frank I* the reason for his termination was alleged to be discriminatory, retaliatory, and against public policy and in *Frank II* the reason is alleged to have breached an employment contract.  Thus, the earlier suit and the current claim for breach of contract center on Home Depot's decision to terminate Frank.

As to the third element of *res judicata*, *Frank I* and *Frank II* involve the identical parties.  Accordingly, Frank's two suits are identical for purposes of *res judicata* and therefore Count I is barred.

C.  Defamation

Home Depot asserts that the statute of limitations is one year for defamation actions.  Md. Code Ann., Cts. & Jud. Proc. §

7

5-105. Frank incorrectly asserts that the statute of limitations is three years. Maryland statutory authority explicitly validates Home Depot's assertion. *Id*. As the defamation claim was first included in the Amended Complaint filed on May 25, 2006, any defamation before May 25, 2005 is not actionable.

Frank alleges one instance of defamation. In September 2003, Frank applied for employment with Lowe's. Am. Compl. ¶ 25. He alleges that: (1) a Home Depot employee informed a Lowe's employee that Frank was terminated for theft, and (2) this was the reason Lowe's declined to hire him. *Id*. ¶¶ 26, 27. Although it is not clear when the alleged defamatory statement was made, the application for employment was submitted well before May 25, 2005. Moreover, Frank stated in his deposition that the defamatory statement could not have been made more than a year after his application. Mem. Supp. Mot. Ex. 4 at 108 (Deposition of Charles Frank).

Frank has not identified any other defamatory statement and merely alleges that the defamatory statement regarding theft was not isolated. Am. Compl. ¶ 29. Frank asserts no facts supporting this allegation and instead claims that Home Depot has failed to produce certain documents. Frank, however, has not filed a timely motion to compel and has not identified any specific documents requested.

Even if the defamation claim were not barred by the statute

8

of limitations, it would be barred by a statutory and common law qualified privilege.  Md. Code Ann., Cts. & Jud. Proc. § 5-423; *Gohari v. Darvish*, 363 Md. 42, 56 (2001).  Section 5-423 states that "[a]n employer acting in good faith may not be held liable for disclosing any information about the job performance or the reason for termination of employment of an employee or former employee of the employer" when the information is disclosed "[t]o a prospective employer of the employee or former employee at the request of the prospective employer, the employee, or former employee."  § 5-423(a).  This is exactly the situation here.  Am. Compl. ¶¶ 26, 29.

Under the statute, an employer is "presumed to be acting in good faith unless it is shown by clear and convincing evidence that the employer: (1) Acted with actual malice toward the employee or former employee; or (2) Intentionally or recklessly disclosed false information about the employee or former employee."  § 5-423(b).  Frank offers no evidence supporting a finding of actual malice or intentional or reckless disclosure.  He merely alleges in the Amended Complaint that Home Depot knew the statement made to Lowe's was false.  Am. Compl. ¶ 26.  Accordingly, no reasonable jury could find that a Home Depot employee acted in bad faith.  Thus, the statutory privilege would protect the statements even if recovery were not barred by the statute of limitations.

III. Conclusion

For the reasons stated above, the Home Depot motion for summary judgment will be granted as to all claims.


<u>April 11, 2007</u>                         <u>        /s/            </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge